UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT WESTRAY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-3290-TWP-DLP |
| ) | |
| AMAZON AND SUBSIDIARIES ) | |
| SHORT TERM DISABILITY PLAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO STAY PROCEEDINGS
PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

This matter is before the Court on Defendant Amazon and Subsidiaries Short Term Disability Plan's (the "Plan") Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings Pending Plaintiff's Exhaustion of Administrative Remedies ([Filing No. 10](#)). Plaintiff, Robert Westray ("Westray"), filed a Complaint alleging the wrongful denial of short-term disability benefits by the Plan. ([Filing No. 1](#).) The Plan alleges Westray has not completed all necessary administrative appeals that are required before filing suit. For the reasons set forth below, the Court **grants** the Plan's alternative Motion to Stay Proceedings pending Westray's exhaustion of administrative remedies and **denies** as moot, the Motion to Dismiss.

**I.     BACKGROUND**

The following facts are taken from the Westray's Complaint and are accepted as true for purposes of this Motion. *See Deb v. Sirva, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016). The Plan is a welfare benefit plan for the employees of Amazon.com Services, Inc. that provides disability insurance coverage to participants working in the county of Hendricks, Indiana. Westray is an employee of Amazon.com Services, Inc. in Plainfield, Indiana. As an Amazon employee, he

participates in the Plan.  Westray stopped working on or about August 3, 2018 due in part to a torn rotator cuff and bilateral carpal tunnel syndrome.  Westray applied for short term disability benefits and was initially qualified as "disabled" under the terms of the Plan.

After a period of payments, Westray was denied continuing disability benefits on December 31, 2018.  (Filing No. 1.)  He administratively appealed this denial, stating that he continued to suffer from numerous physical impairments that qualify him for continuing benefits under the terms of the Plan.  After review, the denial was upheld on July 8, 2019.  Westray does not allege that he completed a level two appeal.  *Id.*

Westray filed a Complaint in this court on August 5, 2019, alleging the Plan "wrongfully refused to award [Westray] continuing disability benefits and wrongfully withheld monies rightfully due [Westray] as a disabled insurance participant under his policy and the Plan."  *Id.* This is a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(b). On September 19, 2019, the Plan filed the instant Motion to Dismiss Westray's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to stay this action pending exhaustion of administrative remedies.  (Filing No. 10.)

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted.  *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878-79 n.4 (7th Cir. 2012).  The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  In other words, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under *Landis v. N. Am. Co.,* 299 U.S. 248, 2 (1936), a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706–707, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).  A *Landis* stay may be appropriate when, for example, the result of a separate proceeding has some bearing upon the district court case. *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 864 (9th Cir.1979).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*

### III.   DISCUSSION

The Plan asserts that Westray's Complaint requests a review of the final decision denying short term disability benefits to Westray even though the decision is not final. The Plan further asserts two levels of appeal are required, and Westray has only exhausted one level of appeal. *Id*. Thus, the Plan asks the Court to dismiss Westray's claim against the Plan or stay the claim pending exhaustion of Westray's administrative remedies.

When a plaintiff fails to exhaust the Plan's administrative claims process, his complaint may be dismissed. *Feazel Ameren Long Term Disability Plan for Non-Union Employees*, 2018 WL 1787294, at *2 (S.D. Ill. Apr. 13, 2018) (complaint dismissed where plaintiff conceded "he has neither exhausted nor attempted to exhaust administrative remedies under the Plan."). Alternatively, such action may be stayed pending a plaintiff's exhaustion of the administrative claims process. *Nicodemus v. Life Ins. Co. of N. Am.*, 2017 WL 1511475, at *3 (N.D. Ill. Apr. 27, 2017) (district court stayed case "pending resolution of the administrative process").

Exhaustion of administrative remedies is a prerequisite to filing a suit for benefits under ERISA. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (upholding

3

district court decision requiring "exhaustion as a prerequisite to bringing suit" under ERISA). The exhaustion requirement "has long been recognized" in the Seventh Circuit. *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000); *see also, Powell v. AT & T Comm., Inc.*, 938 F.2d 823, 825 (7th Cir.1991); *Eaton v. Onan Corp.*, 117 F. Supp. 2d 812, 838 (S.D. Ind. 2000). Moreover, level two appeals are required to exhaust administrative remedies if they are part of a Plan's claims procedures. *Orr v. Assurant Employee Benefits*, 786 F.3d 596, 601 (7th Cir. 2015) (in a case where plaintiffs failed to complete a level two appeal, the court found plaintiffs "came close to exhausting their administrative remedies, but abandoned administrative review before completing it in favor of a lawsuit."). A failure to exhaust administrative remedies will be excused only in the limited circumstances where "administrative remedies are not available" or "pursuing those remedies would be futile." *Gallegos*, 210 F.3d at 808.

The Plan details the administrative process pursuant to which any current or former participant, including Westray, can bring his or her denied claim for benefits to the attention of the claim's administrator. A level two appeal is required under Section 6 of the Plan as part of the administrative claims process:

> If the employee is not satisfied with the decision on the Level One appeal, the employee may request a Level Two appeal. The process for requesting the Level Two appeal is the same as for requesting the Level One appeal. The employee must request a Level Two appeal within 180 days of receipt of the notice of denial for the Level One appeal. The employee should state the reason why he or she feels the appeal should be approved and include any information supporting the appeal.
>
> A designated representative of Amazon LOA or TPA will review and decide a Level Two appeal. This appeals administrator will be a person who did not make the claim decision on initial review and who is not subordinate to a prior decision maker. The decision on a Level Two appeal will not afford deference to the prior decisions.

(Filing No. 11-1 at 19-20.) The Plan further states that the employee "may not bring an action under ERISA Section 502(a) or otherwise with respect to his or her claim until he or she has

4

exhausted the foregoing procedure." (Filing No. 11-1 at 21-22.) The Plan alleges Westray only completed a level one appeal, instead of the two levels of appeal required, thus the Court should dismiss or stay the action.

Westray opposes the motion to dismiss this action; however, he is in agreement with the motion to stay this action pending exhaustion of administrative remedies. Westray concedes that exhaustion of administrative remedies is required by law and acknowledges that he did not complete a level two appeal before filing his Complaint. He states that he intends to file a level two appeal, and explains he would have missed the statute of limitations if he would have waited to file a complaint after all administrative remedies had been exhausted. The Plan states:

> Any such action must be filed in a court of competent jurisdiction within 12 months after the date on which the employee receives Amazon LOA or TPA's written notice of denial of the employee's appeal or, if earlier, 12 months after the date of the alleged facts or conduct giving rise to the claim . . . or it shall be forever barred.

(Filing No. 11-1 at 22.) Westray distinguishes his case from *Feazel*, stating "[u]nlike in *Feazel*, if not filed, [his] claims in the current action would have been barred for timeliness under the terms of the plan" and he "intends to exhaust his administrative remedies." (Filing No. 13.) Thus, Westray argues this is why he filed his Complaint before exhausting his administrative remedies and the case should therefore be stayed, not be dismissed. (Filing No. 13.)

On October 22, 2019, the parties submitted a Case Management Plan to the Court. (Filing No. 14.) In the Case Management Plan, the parties agreed "the Plan moved to stay or dismiss Plaintiff's claim for benefits based on his failure to exhaust administrative remedies. In his Response, Plaintiff agreed to stay the claim for benefits pending exhaustion of administrative remedies." (Filing No. 14 at 2.) Westray stated he had "until on or about January 3, 2020" to file his level two appeal of the July 8, 2019 denial. (Filing No. 12 at 2.) The parties' agreement to stay the proceedings pending exhaustion of administrative remedies is accepted by the Court.

## IV. CONCLUSION

For the reasons stated above, Defendant Amazon and Subsidiaries Short Term Disability Plan's Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings Pending Plaintiff's Exhaustion of Administrative Remedies, (Filing No. 10), is **GRANTED in part and DENIED in part.** The alternative motion to stay is **granted** and the proceedings in this action are **STAYED** pending Westray's exhaustion of his administrative remedies. Within 14 days of a decision on the level two appeal, the parties shall either file a Motion to Lift the Stay or Notice regarding the results of the level two appeal. Because the action is stayed, Defendant's Motion to Dismiss the case is **denied as moot.**

SO ORDERED.

Date: 6/5/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ashley D. Marks
HANKEY LAW OFFICE
adm@hankeylaw.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylaw.com

Abigail A. Clapp
GREENBERG TRAURIG LLP
clappa@ftlaw.com